**IN THE UNITED STATES DISTRICT COURT**

**FOR New York Southern District Court**

BLUSHCRUNCH STUDIO LLC,

Plaintiff

V.

The Partnerships and Unincorporated Associations Identified on Schedule A

Defendants.

Case No. 26-cv- 06837

Judge Lorna G Schofield

Application **GRANTED** in part. Defendant may join the hearing scheduled for September 14, 2026, telephonically by calling (855) 244-8681 and entering the access code 2311 193 8649. The parties are directed to meet and confer prior to the hearing in an effort to resolve any disputes.

Dated: September 9, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**DEFENDANT Xu Xiaodin with a store name Artvibe US MOTION TO DISSOLVE, VACATE, TEMPORARY RESTRAINING ORDER AND REQUEST FOR REMOTE HEARING BY VIDEO CONFERENCE**

Defendant Artvibe US, appearing pro se, respectfully moves pursuant to Federal Rule of Civil Procedure 65(b)(4), and the Court's August 17, 2026 Temporary Restraining Order and Order to Show Cause, for an Order:

1. dissolving and vacating the Temporary Restraining Order ("TRO") entered in this action insofar as it applies to Defendant;
2. alternatively, modifying the TRO to remove Defendant's accounts, assets, merchant accounts, payment accounts, and/or online stores from the restraints imposed by the Order;
3. directing the immediate release of any funds belonging to Defendant that have been restrained pursuant to the TRO;
4. permitting Defendant to participate in the September 14, 2026 hearing by video conference, including Zoom or another Court-approved remote platform;
5. alternatively, permitting Defendant to appear telephonically if video participation is unavailable; and
6. granting such other and further relief as the Court deems just and proper.

In support, Defendant states as follows:

**PRELIMINARY STATEMENT**

This motion concerns the extraordinary relief imposed against Defendant without Defendant having a meaningful opportunity to be heard before the restraint was entered.

The Court's August 17, 2026 Order entered a temporary restraining order against the Schedule A defendants and imposed significant restraints concerning online stores, financial accounts, and assets. The Court subsequently extended the TRO through September 14, 2026. The Court's August 17 Order expressly provides that a defendant subject to the Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff.

Defendant respectfully exercises that right.

Defendant denies that Plaintiff has established the factual and legal prerequisites necessary to continue extraordinary injunctive relief against Defendant. In particular, Defendant disputes operation of the allegedly infringing store, use of Plaintiff's intellectual property, sales of accused products, willfulness, connection to other Schedule A defendants, or the amount of funds restrained.

The continued restraint is causing substantial and immediate hardship to Defendant. Defendant's funds are necessary for ordinary business operations, payment of suppliers and service providers, taxes, living and business expenses, and/or other legitimate obligations. Continuing to restrain those funds without a particularized showing concerning Defendant would impose substantial prejudice disproportionate to any legitimate need for emergency relief.

Defendant therefore respectfully requests that the Court dissolve the TRO as to Defendant or, at minimum, substantially narrow the relief.

**FACTUAL BACKGROUND**

1. Defendant is an INDIVIDUAL operating an online business through AMAZON and OTHER PLATFORM.
2. Defendant's account is identified in Plaintiff's Schedule A as Artvibe US.
3. Defendant denies intentionally infringing Plaintiff's alleged trademark or copyrighted works.
4. Defendant did not receive a meaningful opportunity to respond to Plaintiff's allegations before the TRO was entered.
5. Defendant has not engaged in any conduct intended to evade this Court, conceal assets, destroy evidence, or frustrate enforcement of any lawful judgment.

6. Defendant is willing to preserve relevant records, identify the products at issue, and comply with reasonable discovery and evidence-preservation obligations.
7. Defendant further states that the products were purchased from a supplier and only limited sales occurred .
8. The financial restraints imposed against Defendant have substantially impaired Defendant's ability to conduct ordinary business operations.
9. Defendant respectfully submits that the extraordinary remedy of continuing an asset restraint should not remain in place based merely upon generalized allegations applicable to a large Schedule A group without a particularized showing concerning Defendant.

**ARGUMENT**

**I. RULE 65(b)(4) EXPRESSLY AUTHORIZES DEFENDANT TO MOVE TO DISSOLVE OR MODIFY THE TRO.**

Federal Rule of Civil Procedure 65(b)(4) provides that, on 2 days' notice to the party who obtained the order, a party restrained by a temporary restraining order may appear and move to dissolve or modify the order.

The Court's August 17, 2026 Order independently recognizes this right and expressly provides that any Defendant subject to the Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff, or on shorter notice as set by the Court.

Defendant therefore respectfully requests that the Court exercise its authority under Rule 65(b)(4) and reconsider the continuing application of the TRO to Defendant.

**II. CONTINUED EXTRAORDINARY RELIEF REQUIRES A PARTICULARIZED SHOWING CONCERNING THIS DEFENDANT.**

A temporary restraining order is an extraordinary remedy. The Court should examine the evidence concerning the particular defendant rather than assume that every Schedule A defendant presents the same factual circumstances.

Here, Plaintiff's allegations concerning other sellers, unidentified entities, or alleged patterns of infringement do not necessarily establish that Defendant personally engaged in the conduct alleged.

Defendant respectfully requests that Plaintiff be required to identify the specific evidence establishing:

(a) the particular product allegedly infringes;

(b) the particular listing or storefront operated by Defendant;

(c) the particular transaction or sale allegedly constituting infringement;

(d) the basis for attributing the alleged conduct to Defendant;

(e) the amount of any alleged proceeds attributable to Defendant; and

(f) the factual basis for continuing to restrain Defendant's assets.

Absent such a particularized showing, the continued application of the TRO to Defendant is unnecessarily broad.

**III. DEFENDANT HAS NOT BEEN SHOWN TO PRESENT A CONTINUING RISK OF IRREPARABLE HARM THAT JUSTIFIES CONTINUED RESTRAINT.**

Plaintiff bears the burden of demonstrating a sufficient basis for extraordinary injunctive relief.

Defendant has no intention of destroying evidence, transferring assets for the purpose of frustrating this litigation, or continuing conduct that the Court determines is unlawful.

Defendant is willing to:

1. preserve relevant records;
2. preserve sales and transaction records;
3. identify suppliers for disputed products;
4. remove or refrain from using specifically identified disputed listings pending resolution of the dispute, without admitting liability;
5. participate in discovery; and
6. appear before the Court and respond to Plaintiff's allegations.

These safeguards substantially reduce any legitimate basis for maintaining the most expansive portions of the TRO against Defendant.

**IV. THE CONTINUED ASSET RESTRAINT IS DISPROPORTIONATE AND CAUSES SUBSTANTIAL HARDSHIP.**

The restraint of Defendant's operating funds has consequences beyond the individual products allegedly at issue.

The restrained funds may include proceeds from legitimate transactions unrelated to Plaintiff's intellectual-property claims.

Defendant respectfully submits that Plaintiff should not be permitted to use an intellectual-property dispute concerning particular products as a basis for indefinitely restraining unrelated legitimate business assets without a particularized evidentiary showing.

At minimum, the Court should require Plaintiff to identify the amount reasonably attributable to the disputed transactions and release funds exceeding that amount.

Alternatively, the Court should permit Defendant access to sufficient funds for ordinary business and living expenses, taxes, chargebacks, supplier obligations, and other legitimate expenses.

## V. DEFENDANT IS ENTITLED TO AN OPPORTUNITY TO BE HEARD CONCERNING THE CONTINUED RESTRAINT.

The deprivation of access to funds and business accounts creates significant practical consequences for Defendant.

Defendant respectfully requests a meaningful opportunity to address the factual basis for the restraint directly with the Court.

The September 14, 2026 hearing is therefore particularly important because Defendant intends to dispute the factual basis for the continued application of the TRO.

Defendant requests that the Court permit Defendant to participate remotely so that Defendant can meaningfully appear and respond to Plaintiff's allegations.

## VI. THE COURT SHOULD PERMIT DEFENDANT TO APPEAR BY VIDEO CONFERENCE.

Defendant respectfully requests permission to appear at the September 14 hearing by Zoom or another Court-approved video platform.

Defendant is located outside the New York metropolitan area and appearing physically at the Thurgood Marshall United States Courthouse would impose substantial travel, logistical, and financial hardship.

Remote participation would not prejudice Plaintiff.

The Court has previously permitted proceedings before Judge Schofield to occur telephonically and has allowed remote appearances where a party or counsel is located outside New York City or would experience hardship from an in-person appearance.

The requested accommodation would allow Defendant to participate fully while preserving the Court's ability to question Defendant directly and conduct the hearing efficiently.

Defendant therefore respectfully requests authorization to participate by Zoom, Webex, or another platform designated by the Court.

If the Court does not permit video participation, Defendant respectfully requests permission to participate telephonically.

## VII. THE TRO SHOULD BE DISSOLVED OR, AT MINIMUM, MODIFIED AS TO DEFENDANT.

For the reasons stated above, Defendant respectfully requests that the Court:

1. dissolve the TRO as to Defendant;
2. release Defendant's restrained funds;
3. direct the financial institutions, payment processors, marketplaces, and other entities subject to the TRO to release Defendant's accounts and assets;
4. alternatively, modify the TRO so that it applies only to specifically identified proceeds directly attributable to specifically identified allegedly infringing transactions;
5. permit Defendant reasonable access to funds necessary for ordinary living and business expenses;
6. permit Defendant to continue operating legitimate portions of the business that are unrelated to Plaintiff's claims; and
7. grant any other relief necessary to prevent the TRO from operating more broadly than necessary to protect Plaintiff's legitimate interests.

## VIII. DEFENDANT DOES NOT WAIVE ANY DEFENSES.

By filing this motion, Defendant does not concede liability, infringement, jurisdiction, venue, service, ownership of the intellectual property alleged by Plaintiff, or the sufficiency of Plaintiff's pleadings.

Defendant expressly reserves all rights, defenses, objections, counterclaims, and remedies available under federal and state law, including defenses relating to:

(a) personal jurisdiction;

(b) subject-matter jurisdiction;

(c) sufficiency of service;

(d) venue;

(e) standing;

(f) ownership and validity of the asserted intellectual-property rights;

(g) infringement;

(h) damages;

(i) the scope of the TRO;

(j) the factual basis for any asset restraint; and

(k) any other defense revealed through discovery or further review of the record.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order:

A. dissolving and vacating the Temporary Restraining Order as to Defendant;

B. ordering the immediate release of Defendant's restrained funds and assets;

C. alternatively, modifying the TRO to limit its application to specifically identified allegedly infringing products and/or proceeds;

D. permitting Defendant reasonable access to funds necessary for legitimate business and living expenses;

E. permitting Defendant to appear at the September 14, 2026 hearing remotely by Zoom or another Court-approved video-conference platform;

F. alternatively, permitting Defendant to appear telephonically; and

G. granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Artvibe US**

Defendant, Pro Se

76 Changchun 5th St, Yiwu 32200, China

+8619944077056

Defendant's Representative

Advocate.amiraziz@gmail.com

Date: 9/5/2026