**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BLUSHCRUNCH STUDIO LLC,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

Case No. 1:26-cv-06837-LGS

CONSENT ORDER AND JUDGMENT

**~~AGREED MOTION FOR ENTRY OF A CONSENT JUDGMENT~~ AS TO DEFENDANT NUMBER 89**

This action having been commenced by Plaintiff BLUSHCRUNCH STUDIO LLC (“BLUSHCRUNCH”) against Defendant DKUFH (Defendant No. 89) (“Defendant”), and other defendants, Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including New York. Specifically, Defendant targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including New York, accept payment in U.S. dollars, and has sold products using infringing and counterfeit versions (the “Unauthorized BLUSHCRUNCH Products”) of Plaintiff’s trademark (the “BLUSHCRUNCH Trademark”) and copyrights (the “BLUSHCRUNCH Copyrights,” together with the BLUSHCRUNCH Trademark, the “BLUSHCRUNCH Intellectual Property”) to residents of New York. The BLUSHCRUNCH Trademark is as follows:

| **U.S. TM Reg. No.** | **Trademark** |
|---|---|
| 8,218,195 | DANDY'S WORLD |

The <u>BLUSHCRUNCH Copyrights</u> are as follows:

| **U.S. Copyright Office Reg. No.** | **Copyright** |
|---|---|
| VAu 1-543-072 | Dandy |
| VAu 1-543-073 | Boxten |
| VAu 1-543-075 | Poppy |
| VAu 1-543-076 | Astro |
| VAu 1-543-079 | Pebble |
| VAu 1-543-083 | Shelly |
| VAu 1-543-086 | Sprout |
| VAu 1-543-087 | Vee |
| VAu 1-549-008 | Looey |
| VAu 1-549-272 | Toodles |
| VAu 1-553-814 | Teagan |
| VAu 1-553-817 | Connie |

| | |
|---|---|
| VAu 1-553-819 | Tisha |
| VAu 1-561-499 | Bassie |
| VAu 1-561-537 | Bobette |
| VAu 1-561-553 | Coal |
| VAu 1-561-555 | Cocoa |
| VAu 1-561-921 | Flyte |
| VAu 1-561-933 | Eggson |
| VAu 1-561-967 | Ginger |
| VAu 1-561-968 | Yatta |
| VAu 1-562-295 | Rodger |
| VAu 1-562-296 | Goob |
| VAu 1-562-326 | Scraps |
| VAu 1-562-327 | Razzle & Dazzle |
| VAu 1-562-328 | Shrimpo |
| VAu 1-562-501 | Brightney |
| VAu 1-562-502 | Glisten |
| VAu 1-562-503 | Gigi |
| VAu 1-562-504 | Flutter |
| VAu 1-562-505 | Finn |
| VAu 1-562-509 | Cosmo |
| VAu 1-588-482 | Eclipse |
| VAu 1-588-483 | Dyle Timesly |
| VAu 1-588-486 | Gourdy Holloway |

| | |
|---|---|
| VAu 1-588-487 | Blot |

THIS COURT FURTHER FINDS that ~~Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), copyright infringement (17 U.S.C. § 101, *et seq*.), and unfair competition (New York Common Law).~~ the parties have agreed to an amount to be paid by Defendant to settle all claims, as memorialized in the parties' settlement agreement (the "Damages Amount"). Defendant has elected to pay the Damages Amount from funds currently frozen in its Walmart.com account.

IT IS HEREBY ORDERED that:

1. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with Defendant be permanently enjoined and restrained from:

   a. using the BLUSHCRUNCH Intellectual Property or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BLUSHCRUNCH product or not authorized by Plaintiff to be sold in connection with the BLUSHCRUNCH Intellectual Property;

   b. using, reproducing, displaying, or making commercial use of the BLUSHCRUNCH Intellectual Property in any manner without the express authorization of Plaintiff;

   c. passing off, inducing, or enabling others to sell or pass off any product as a genuine BLUSHCRUNCH product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and/or approved by Plaintiff for sale under the BLUSHCRUNCH Intellectual Property;

d. committing any acts calculated to cause consumers to believe that Defendant's Unauthorized BLUSHCRUNCH Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further infringing the BLUSHCRUNCH Intellectual Property and damaging Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the BLUSHCRUNCH Intellectual Property, or any reproductions, counterfeit copies or colorable imitations thereof.

2. ~~The parties have agreed to an amount to be paid by Defendant to settle all claims, as memorialized in the parties' settlement agreement (the "Settlement Amount"). Defendant has elected to pay the Damages Amount from funds currently frozen in its Walmart.com account.~~

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of the Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's Walmart store and financial accounts pursuant to the Temporary Restraining and Preliminary Injunction Orders [Dkts. 21 and 41].

solely as it relates to this Defendant

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

The Clerk of Court is respectfully directed to terminate Defendant DKUFH (DOE No. 89).

Dated: October 6, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE